## LINARES ET AL., Plffs.,

### v.

## SUCESORES DE BIANCHI, Dfts.

---

San Juan, Equity, No. 989.

#### SPECIFIC PERFORMANCE OF CONTRACT.

Pleading—Ultimate Facts—Equity.
    1. The general rule in equity as at law is that the ultimate facts, and not evidentiary circumstances, must be stated.

Pleading—Allegations—Motion to Dismiss.
    2. A bill of complaint which alleges that plaintiffs executed a written guaranty to a third party for the benefit of the defendants is not subject to dismissal because it does not allege that the defendants made use of the guaranty, as the contract between the parties did not provide that the guaranty should be used by the defendants.

Equity—Specific Performance—Corporate Stock.
    3. Specific performance is a remedy in equity which compels the performance of a contract where money damages would be inadequate, and it must be performed in the precise terms agreed

Linares v. Sucesores de Bianchi.

upon, and nothing can be left to inference, specific performance will be applied to cases of corporate stock, as well as to those involving land.

Pleading—Allegations—Partnership—Acts of Partners—Ratification.

4. A possible defect in a bill of complaint, consisting in failing to allege that a partner had power to perform a certain act on behalf of the partnership, is cured by an allegation that the services rendered by the plaintiffs were accepted by the other partners, as this amounts to a ratification.

Opinion filed June 5, 1917.

Messrs. *Alvarez Nava* and *Dominguez* for plaintiffs.

Messrs. *José de Diego* and *Rodriguez Serra* for defendants.

HAMILTON, Judge, delivered the following opinion:

The bills of complaint in this case filed March 9, 1917, alleges that on June 8, 1916, in the city of New York, the plaintiffs entered into a written contract with the defendant partnership through its general partner, whereby, in consideration of services performed and to be rendered by the two plaintiffs at the request of the defendants, the defendants promised to convey to them an interest of 10 per cent in the ownership and business of the property known as Central Coloso in the district of Aguadilla, Porto Rico, assessed at $1,400,000. The bill alleges:

That said services were substantially the following: To obtain traveling facilities otherwise unavailable for the defendant Francisco Bianchi to go to Paris and effect the purchase of said property; to put defendant Juan Bianchi in personal touch with certain New York and Porto Rico banking institutions for the

Linares v. Sucesores de Bianchi.

negotiation of a loan necessary to carry out said purchase after other negotiations had failed; to co-operate for and effect a written guaranty with the Royal Bank of Canada in New York city subscribed by plaintiff Linares and accepted by defendants, for a loan of $370,000 granted to said defendants at their request and for their benefit; and various other miscellaneous services such as forwarding and receiving cables, conferences, translating and interpreting, use of plaintiffs' office, organization and facilities, etc., in connection with said loan and the purchase of said property.

That both plaintiffs herein did fully and satisfactorily perform all the services agreed upon, which were at the time fully accepted by said defendants, and the latter have already finally acquired and now hold in fee the said "Central Coloso" property and its adjoining lands, but have refused, upon demand made, to transfer to plaintiffs herein their respective shares in the said "Central Coloso" property and its business and profits as a running concern.

Whereupon plaintiffs pray that each of them be decreed the owner of a 5 per cent interest in the Central Coloso, interest to be recorded in the proper registry; and, further, that they receive 10 per cent of the rents, profits, and benefits in case the proposed corporation is not organized.

To this, on April 2, defendants interposed a motion to dismiss on several grounds, which will be discussed.

1. The motion claims that the bill does not clearly state the services in question. The general rule, in equity as at law, is that ultimate facts must be stated, and not evidentiary circumstances. The ultimate facts would seem to be sufficiently set out in the bill of complaint.

Linares v. Sucesores de Bianchi.

2. The bill does not allege that the written guaranty with the Royal Bank of Canada for a loan of $370,000 was used by defendants. The court knows the contents of the contract only from the allegations of the bill, and this does not provide that the guaranty should be used by the defendants. The contract as set out is that the plaintiffs would co-operate for and effect a written guaranty accepted by defendants for said loan, and the bill goes on to aver that the plaintiffs did fully perform all the services agreed upon, and that these were accepted by the defendants. Whether or not the defendants acted upon the guaranty is not averred, but it is not material under the allegations of the bill. It is of course possible that the defendants found some other method of procedure more convenient to themselves, but this did not release them from any liability to plaintiffs under the contract with them. This ground of the motion, therefore, is not well taken, and with it will fall the ground numbered 3 in the motion.

3. Specific performance is an equity remedy which compels the performance of a contract in the precise terms agreed upon. 36 Cyc. 543. The contract must have all the essentials of one valid at law in order to be enforceable in equity, and therefore must be certain, the parties must have the capacity to contract, and it must be upon a valuable consideration. 36 Cyc. 543. A greater certainty is therefore required in equity for the specific performance, than at law for damages. 36 Cyc. 589. Nothing must be left to inference. The plaintiff must also show that damages would not afford an adequate consideration, for if a money payment will constitute a sufficient redress the chancellor will not interfere. Bispham, Eq. 373–375; 36 Cyc. 774. The bill must allege the essential terms of the contract with distinct-

ness and certainty, and not leave them to inference. The real test is that the facts stated must be sufficient upon a default to enable the court to draft a full and binding decree from the averments of the bill. 36 Cyc. 774, 775. Under these principles it must appear that the consideration was valuable and adequate, and this appears from the allegations of the bill. The terms of the contract must appear to be certain and mutual. Such is the case in the bill under discussion. It should also appear that pecuniary compensation would not afford adequate redress. Ordinarily damages are not adequate for breach of a contract affecting land, for by its very nature real estate has no measurable money equivalent. 26 Am. & Eng. Enc. Law, 104. The case at bar seems to involve land, and also involve a sugar central as a going concern. In the nature of things, damages frequently will not be an adequate compensation for breach of agreement to convey corporate stock, for often it is not known outside the corporate books what is the value of the stock. Damages allowed by a jury might be very inadequate. No reason appears why the rule as to land should not be applied to cases of corporate stock, the more particularly as in this case land and improvements constitute a large part of the corporate assets. This disposes of the fourth and fifth grounds of the motion to dismiss.

4. The last ground of dismissal set up is that the complaint does not show that the defendant Juan Bianchi Rosafa, as partner, had power to bind the partnership as to conveyance of stock, and that it is not alleged that this promise has been ratified by the partnership. The allegations of the bill show that the firm in question is a Porto Rican partnership. In the Civil Code of Porto Rico it is provided, § 1597, that no partner can, without

Linares v. Sucesores de Bianchi.

consent, make any alteration in the partnership real property, and in § 1599 it is necessary, in order that the partnership may be liable to a third person, that the partner in question "have the power to bind the partnership by virtue of an express or an implied mandate . . . and that he may have acted within the limits of his power or authority." Section 1600 provides that "partners are not jointly bound with regard to the debts of the partnership, and none of them can bind the others by a personal act, if they have not granted him a power therefor." The partnership is not liable to third persons for an act which one partner may have performed without power from the partnership therefor.

The bill alleges that the plaintiffs "entered into a written contract with the defendant partnership, Sucesores de Bianchi, through its general partner, Juan Bianchi Rosafa," but does not otherwise state that Juan Bianchi Rosafa was authorized thereto. Later, however, the bill states that the services so agreed upon "were at the time fully accepted by said defendants, and the latter have already finally acquired and hold in fee the said Central Coloso property and its adjoining lands, but have refused upon demand," etc. This would seem to be a statement of ratification by the defendants of the acts of their general partner, whether he be regarded as proceeding under the Porto Rican law or under the general law of partnerships prevailing in New York, where the contract was made. The allegations could have been made fuller, but they would seem to come within the requirements of good pleading.

The motion to dismiss must therefore be overruled.

It is so ordered.